WILLIAM GREENWALD, Individually and as President of UNITED STRICTLY KOSHER BUTCHERS UNTERSTUEZUNG VEREIN, INC., Plaintiff, v. HOLTON V. NOYES, as Commissioner of Agriculture and Markets of the State of New York, and SHEPHERD Z. BAUM, as Chief Kosher Law Enforcement Officer of the Department of Agriculture and Markets of the State of New York, Defendants.

Supreme Court, Special Term, Albany County, December 9, 1939.

Nathan Immerman, for the plaintiff.

Milo R. Kniffen, Counsel to the Department of Agriculture and Markets [Louis S. Wallach of counsel], for the defendants.

BERGAN, J. The facts pleaded do not warrant the exercise of the equitable powers of the court in the direction of restraint upon public officials in the performance of duties imposed upon them by statute. (Davis v. American Society for Prevention of Cruelty to Animals, 75 N. Y. 362; Delaney v. Flood, 183 id. 323.) The statute which defendants undertake to enforce cannot be treated generally as an invalid statute, the enforcement of which affects adversely substantial property rights, since its consonance with constitutional immunities has been determined. (People v. Atlas, 183 App. Div. 595; affd., 230 N. Y. 629; Hygrade Provision Co. v. Sherman, 266 U. S. 497.)

The gravamen of the crime created by the statute (Penal Law, §§ 435-a and 435-b) is an intent to defraud. The complaint pleads, in effect, that the defendants regard the failure to attach a plumba of the Kashruth Association of Greater New York, Inc., to kosher

fowl as *prima facie* evidence of violation of the penal provision sufficient to warrant prosecution.

It is alleged that upon the basis of a failure to attach the *plumba* to fowl the defendants have threatened plaintiff and members of his association with criminal prosecution and have actually prosecuted certain members of plaintiff's association. The *plumba* is a symbol adopted, so it is pleaded, by an *issur* or decree of a group of rabbis in the city of New York as proof, when attached to fowl, that the meat was prepared under the regulations of the Jewish faith, and was kosher. From the 19th paragraph of the complaint it may be inferred that since November 5, 1934, the time of the adoption of the *issur*, it has become customary in the practice of the Jewish faith to affix *plumbas* to fowl, although prior to that time it was not customary.

Whether the failure to employ the *plumba* required by the *issur* of November, 1934, constitutes conclusive evidence of a violation of the Penal Law, the gravamen of which, as I have pointed out, is fraud, and whether that evidence may be rebutted by proof of conformity with the practices of the Jewish faith are questions for the trier of the fact in each prosecution.

Certainly the defendants will not be restrained from enforcing the statute upon their assumption that the failure to attach the *plumba* to kosher fowl is sufficient deviation from accepted practice to warrant the institution of criminal prosecution. To hold otherwise is to hold that no reasonable person charged with the duty of enforcement would undertake the prosecution of a purported violation of the statute upon the basis of a failure to attach the *plumba* to kosher fowl. The court in equity can undertake no such minute and specific directions to public officials in respect of their judgment as to what facts will justify their undertaking criminal prosecutions under the terms of a statute which it is their duty to enforce. Full and adequate inquiry is available in the courts in which such criminal prosecutions are undertaken.

Moreover, the question of what is or is not genuine kosher meat, and what is or is not a generally accepted indicia of its genuineness must be left quite largely to the authorities of the religious faith under whose direction and rules the meat is prepared, and their determinations must have a substantial bearing, it seems to me, upon the question that arises under the public policy of the State whether an intent to defraud is established in each case in which criminal prosecution is undertaken.

Complaint dismissed, with costs.

Motion of plaintiff for temporary injunction denied, without costs. Submit order.