THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH GORDON, Appellant.*

Second Department, January 15, 1940.

* Revg. 172 Misc. 543.

*Samuel A. Telsey* [*Joseph H. Woolwich* with him on the brief], for the appellant.

*Edward H. Levine* [*William F. X. Geoghan, District Attorney,* and *Louis J. Gribetz* with him on the brief], for the respondent.

PER CURIAM. Defendant was charged with violating section 435-a of the Penal Law, in that, with intent to defraud, he sold a chicken falsely representing it to be " kosher " and " as having been prepared under and of a product * * * sanctioned by the orthodox Hebrew religious requirements." He was found guilty and sentenced to pay a fine of $500 or be committed to the city prison for thirty days and, in addition thereto, that he be imprisoned in the workhouse for thirty days.

In November, 1934, at a meeting of the so-called United Rabbinate — an assembly of a majority of the orthodox rabbis of New York city — a decree known in Hebrew as an " Issur " was promulgated. The " Issur " recites that abuses exist in many poultry slaughtering establishments and markets in the kosher killing of poultry, " thus casting upon such slaughtered poultry and [*sic*] suspicion of their being forbidden under the Biblical dietary laws." The " Issur " then provides that " slaughter houses and the Schochtim must be placed under permanent and effective supervision, as approved by, and under the auspices of, the Rabbis of the City of Greater New York, who are united in the Kashruth Association." The " Issur " further provides: " That each bird slaughtered as kosher must be marked with a ' plumba ' or a similar sign, such mark to be affixed by a person authorized by the Rabbinate, as an identifying token of Kashruth and evidence that the bird has been slaughtered as kosher in accordance with the traditional laws and regulations."

It is admitted that the " Issur " applies only to fowl slaughtered in New York city and that the Kashruth Association is a membership corporation organized under the Membership Corporations Law. It is not disputed that the chicken sold by the defendant was slaughtered according to the traditional Hebrew ritual and under the supervision of an ordained orthodox rabbi and, therefore, it was kosher as that term has been understood for centuries. But the defendant having conceded that the chicken was not slaughtered under the supervision of the Kashruth Association and that it did not bear the certifying " plumba " of that association, the court found he had violated the statute.

Assuming that the decisions of ecclesiastical judicatories as to their own jurisdiction are binding upon the parties and the courts (*Connitt* v. *R. P. D. C. of N. Prospect*, 54 N. Y. 551), the People failed to establish that the so-called Rabbinate was a tribunal clothed with power to act and to decree that a fowl not slaughtered according to the regulations specified in the " Issur " and not bearing a token as above described, is not kosher and, therefore, forbidden to be consumed by Jews.

Furthermore, in view of the conceded fact that poultry slaughtered outside of the city of New York according to the traditional ritual and brought into the city and sold without a " plumba " is considered kosher, a regulation adopted by a group of orthodox rabbis of the city of New York which forbids the consumption of poultry killed in the city of New York under traditional Hebrew rites, unless there be attached thereto a " plumba," authorized and issued by the Rabbinate, cannot be considered an orthodox Hebrew requirement. It is purely a local regulation which seeks to provide the evidence that a killing has been kosher.

This view renders unnecessary the examination of many of the questions discussed on the argument.

The judgment should be reversed on the law, the information dismissed, fine remitted, and bail exonerated.

LAZANSKY, P. J., HAGARTY, JOHNSTON, ADEL and TAYLOR, JJ., concur.

Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, reversed on the law, information dismissed, fine remitted, and bail exonerated.