OPINION OF THE COURT
Eugene M. Hanofee, J.
This nonjury trial was held on April 13, 1981. This decision will embody those facts deemed essential for the resolution of this dispute which deals with the assertion by the State of New York that the defendants were in violation of section 201-b of the Agriculture and Markets Law on July 4, 1979.
At the trial, the State called defendant Kenneth Glass-man as its first witness. Mr. Glassman testified that he and James Burns are the operators of the Stevensville Coffee Shop and have been for the past five or six years. He testified that a menu which was introduced into evidence was the one used in the coffee shop on the date of the alleged violation, July 4, 1979. There is nothing in the coffee shop premises to advertise whether it is kosher or nonkosher other than two references in the menu to kosher frankfurters and kosher salami. It is apparent from reading the menu that the coffee shop sold meals comprised of both meat and dairy dishes. In addition, Mr. Glassman indicated that all items on the menu are for sale to any *1089 customer. There is no prohibition to mixing dairy and meat.
Inspector Cohen, who is employed by the State in the kosher law enforcement division, testified that he visited the defendants’ coffee shop on July 4,1979. At that time he observed just one grill in use. He questioned Mr. Classman at that time as to whether dairy and meat meals were cooked in different areas. Mr. Classman told him everything was cooked on the same grill. In addition, when Mr. Classman was questioned about the use of different dishes and silverware for meat and dairy meals he indicated that there was just one set of dishes and silverware in use in the coffee shop. The inspector also testified to the fact that there were no signs in the coffee shop as to whether it was kosher or nonkosher.
Kenneth Dinnerstein testified that he is an officer and stockholder in Stevensville Lake Hotel, Inc., doing business as Stevensville Country Club. In addition, he is the director of the hotel. Mr. Dinnerstein testified that the defendants are under a contract to operate a coffee shop at the hotel. The lease agreement calls for the coffee shop to obtain its provisions from a wholesaler who deals in kosher items. The lease does not deal with preparation, only with the nature of the products purchased for sale by the coffee shop. Mr. Dinnerstein, in addition, testified that the hotel maintains a kosher kitchen. He further testified that although the hotel is kosher, the only time that fact is advertised to the public is around the Passover holiday.
Kosher enforcement inspector Max Goldgrab testified that the basis of the violation is the above-set-forth references on the menu and the fact that the coffee shop is in a kosher hotel.
Statutes similar to the one the defendants are charged with being in violation of have consistently been upheld, as against a variety of constitutional objections. (See People v Gordon, 172 Misc 543, revd on other grounds 258 App Div 421, affd 283 NY 705; Greenwald v Noyes, 172 Misc 780.)
The complaint alleges that the defendants are in violation of section 201-b of the Agriculture and Markets Law in that they were in business as a kosher food coffee shop and *1090 as such were required to prepare kosher foods and non-kosher foods separately. The evidence in this case indicates that the defendants were not, in fact, operating a kosher food shop at the time of the alleged violation, ft is clear from the testimony that any combination of food could be ordered by a customer. Dairy products were mixed freely with meat products and there was no dairy and meat setup.
Section 201-b of the Agriculture and Markets Law in pertinent part provides: “A person who, with intent to defraud, sells or exposes for sale in any hotel, restaurant, or other place where food products are sold for consumption on or off the premises, any meat or meat preparations, article of food or food products, and falsely represented the same to be kosher, whether such meat or meat products *** be raw or prepared for human consumption, or as having been prepared under, and of a product or products sanctioned by, the orthodox Hebrew religious requirements, either by direct statement orally, or in writing, which might reasonably be calculated to deceive or lead a reasonable man to believe that a representation is being made that such food is kosher or prepared in accordance with the orthodox Hebrew religious requirements, or falsely represents any food product or the contents of any package or container to be so constituted and prepared, by having or permitting to be inscribed thereon the word ‘kosher’ or ‘kosher-style’ in any language;” as set forth above it is apparent that the defendants’ coffee shop is a nonkosher establishment and, as such, is not bound by the posting requirements of the statute. The issue in this case is whether the defendants “with intent to defraud” represented that their frankfurters and salami were kosher when, in fact, it was not due to the fact it was not prepared in accordance with the Orthodox Hebrew religious requirements. It should be noted that the frankfurters and salami may have, in fact, been kosher when purchased by the defendants but, due to the type of preparation, were non-kosher when offered for sale to the public.
The court is of the opinion that the defendants did not intentionally deceive or defraud the public into the belief that the products for sale at their coffee shop were prepared *1091 in a kosher manner. The hotel in which the coffee shop is located does not advertise itself as kosher other than during the Passover holiday. The alleged violation took place in the month of July. The court is convinced that the references on the menu were to show the quality and style of the defendants’ food and not its method of preparation.
Generally, criminal statutes are presumed to cover only intentional acts (McKinney’s Cons Laws of NY, Book 1, Statutes, §274) and a person acts intentionally when his conscious objective is to cause a result or engage in conduct proscribed by the statute (Penal Law, § 15.05).
The court, based upon the evidence adduced, finds that the defendants did not intentionally violate the statute in question in that the objective of their acts was not to misrepresent their food as kosher but to exhibit its quality and style.
Therefore, for all the reasons stated herein, the defendants are found not guilty and the complaint is dismissed, without costs.